# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 21, 2025

Lyle W. Cayce
Clerk

———————

No. 24-30173

———————

First Assembly of God Church Incorporated of Leesville Louisiana,

*Plaintiff—Appellee*,

*versus*

Church Mutual Insurance Company, S.I.,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:21-CV-378

———————————————————

Before Dennis, Haynes, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

This case involves an insurance dispute that arose in the wake of Hurricane Laura. It went to trial, and the jury reached a verdict in favor of the plaintiff. But all along, there was a problem with the jurisdictional pleadings below.[1] Before reaching the merits of this appeal, we "are duty-

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

[1] We note too that the plaintiff's statement of jurisdiction in its appellate brief does not provide a basis for the district court's jurisdiction.

bound to examine the basis of subject matter jurisdiction sua sponte." *Union Planters Bank Nat'l Ass'n v. Salih*, 369 F.3d 457, 460 (5th Cir. 2004).

The operative complaint in this case alleges subject matter jurisdiction based on the diversity of the two corporate parties but does not adequately plead corporate citizenship. The diversity statute says that a corporation "shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332. But the operative complaint alleges only the "domicile" of each corporate party. That is not enough. *MidCap Media Fin., LLC v. Pathway Data, Inc.*, 929 F.3d 310, 314 (5th Cir. 2019) ("[A]llegations regarding the citizenship of a corporation must set out the principal place of business of the corporation as well as the state of its incorporation." (quotation omitted)).

Fortunately, 28 U.S.C. § 1653 "allows us to overlook a party's failure to plead diversity *if* a party can identify allegations and evidence in the record demonstrating diversity." *Id.* at 315 (cleaned up) (quotation omitted). We therefore sent a letter to the parties asking them to do so. The parties' responses represent that they are indeed diverse but fail to identify allegations and evidence in the record sufficient to demonstrate diversity. At oral argument, both parties again represented that they are diverse but acknowledged that the jurisdictional pleadings may be insufficient.

"[W]here jurisdiction is not clear from the record, but there is . . . reason to believe that jurisdiction exists," remand to the district court for amendment of the jurisdictional allegations and supplementation of the record is appropriate. *Molett v. Penrod Drilling Co.*, 872 F.2d 1221, 1228 (5th Cir. 1989) (per curiam); *see* 28 U.S.C. § 1653. That is the situation here.

Accordingly, we ORDER a limited remand to the district court to determine whether diversity jurisdiction exists. If the district court

No. 24-30173

concludes that it has diversity jurisdiction, the Clerk of the district court shall promptly supplement the appellate record with copies of the new filings below and the district court's opinion on jurisdiction and forward the supplemental record to this court.  Upon return to this court, no further briefing will be necessary.  The case will be returned to this panel for disposition on the merits.  If the district court concludes that it lacks jurisdiction, then it must vacate its judgment and dismiss the case. LIMITED REMAND.